No. 17–0153/AR.   United States, Appellant v. Edward J. Mitchell, II Appellee. CCA 20150776.   Notice is hereby given that a certificate for review of the decision of the United States Army Court of Criminal Appeals on appeal by the United States under Article 62, Uniform Code of Military Justice, 10 U.S.C. § 862, and a supporting brief under Rule 22, together with a motion to stay trial proceedings were filed on this date on the following issues:

I.   WHETHER THE FIFTH AMENDMENT'S SELF–INCRIMINATION CLAUSE IS VIOLATED WHEN A SUSPECT VOLUNTARILY UN-LOCKS HIS PHONE WITHOUT GIVING HIS PERSONAL IDENTIFI-CATION NUMBER TO INVESTIGATORS.

II.   WHETHER THE *EDWARDS* RULE IS VIOLATED WHEN INVESTI-GATORS ASK A SUSPECT, WHO HAS REQUESTED COUNSEL AND RETURNED TO HIS PLACE OF DUTY, TO UNLOCK HIS PHONE INCIDENT TO A VALID SEARCH AUTHORIZATION.

III.   WHETHER, ASSUMING INVESTIGATORS VIOLATED APPEL-LANT'S FIFTH AMENDMENT PRIVILEGE OR THE *EDWARDS* RULE, THE MILITARY JUDGE ERRED BY SUPPRESSING THE EVIDENCE.

No. 16–0745/AR.   U.S. v. Andrew D. Griffith.   CCA 20150195.   On consideration of the petition for grant of review of the decision of the United States Army Court of Criminal Appeals, it is ordered that said petition is hereby granted on the following issues:

I.   WHETHER ACCEPTANCE OF APPOINTMENT AS A CMCR JUDGE TERMINATED THE MILITARY COMMISSION OF JUDGE CELT-NIEKS AND JUDGE BURTON.

II.   WHETHER, AS APPOINTED JUDGES OF THE CMCR, JUDGE CELTNIEKS AND JUDGE BURTON DID NOT MEET THE UCMJ DEFINITION OF APPELLATE MILITARY JUDGES.

III.   WHETHER THE ASSIGNMENT OF INFERIOR OFFICERS AND PRINCIPAL OFFICERS TO A SINGLE JUDICIAL TRIBUNAL IT-SELF VIOLATED THE APPOINTMENTS CLAUSE.

No briefs will be filed under Rule 25.

No. 17–0028/CG.   U.S. v. Shane E. Reese.   CCA 1422.   On consideration of the petition for grant of review of the decision of the United States Coast Guard Court of Criminal Appeals, it is ordered that said petition is hereby granted on the following issues:

I.   WHETHER THE MILITARY JUDGE ERRED IN ALLOWING THE GOVERNMENT TO MAKE A MAJOR CHANGE TO A SPECIFICA-TION AFTER THE COMPLAINING WITNESS'S TESTIMONY DID NOT SUPPORT THE OFFENSE AS ORIGINALLY CHARGED.

II.   WHETHER THE SPECIFICATION OF THE ADDITIONAL CHARGE FAILS TO STATE AN OFFENSE WHERE THE TERMINAL ELE-